RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ALEXANDER E. STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON`
PORTLAND DIVISION

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>       v.<br><br>Ali Mahyari; and Roza Malekzadeh,<br><br>     Defendants. | Case No.:<br><br>COMPLAINT TO REDUCE CIVIL PENALTIES TO JUDGMENT |

Plaintiff, the United States of America, alleges the following:

**Introduction**

1.    This is a timely civil action brought by the United States with the authorization of the Secretary of Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the United States Attorney General.

2.      The United States brings this timely action to collect from Defendants Ali Mahyari and Roza Malekzadeh the outstanding civil penalty assessments (31 U.S.C. § 5321(a)(5), commonly known as FBAR penalties.

3.      The FBAR penalties were assessed against the Defendants for their willful failure to timely report their financial interest(s) in, and/or their signature authority over, foreign bank accounts for the 2011, 2012, and 2013 calendar years as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest. Each defendant is separately liable for FBAR penalties, and each is separately indebted to the United States of America for $323,368.10 as of October 29, 2019.

4.      The United States is entitled to proceed under the Federal Debt Collection Practices Act (28 U.S.C. §§ 3001-3308) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011.

## <u>DEFENDANTS</u>

5.      Ali Mahyari is a resident of Portland, Oregon. He is a U.S. citizen and was a U.S. citizen at all times relevant to the assessments at issue in this action. He is married to Roza Malekzadeh.

6.      Roza Malekzadeh is a resident of Portland, Oregon. She is a U.S. citizen and was a U.S. citizen at all times relevant to the assessments at issue in this action. She is married to Ali Mahyari.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

8.    Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b)(1) and 1395(a) because the Defendants reside in this judicial district.

9.    Because the Defendants reside in Multnomah County, the Portland Division of the District of Oregon is the proper division for this case pursuant to LR 3-2(a).

## Legal Authority for FBAR Penalty

10.    31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulation, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Services ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

11.    To fulfill this requirement for 2011 and 2012, a person must have filed a Form TD F 90-22.1, and to fulfill the requirement for 2013, a person must have filed a FinCEN Form 114, both known as a "Report of Foreign Bank and Financial Accounts" or "FBAR."

12.    For the years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

13.     31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314. For violations involving a willful failure to report an interest in a foreign account, the maximum civil penalty the Department of Treasury may impose for each violation is the greater of $100,000 or 50% of the balance in the account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C).

14.     The FBAR penalty is subject to interest and additional penalties under 31 U.S.C. § 3717.

## Defendants' Foreign Bank Accounts

### Eghtesad Novin Bank Account in Iran

15.     Defendants both used to live in Iran before moving to the United States in 2001.

16.     While living in the United States, Defendants owned property in Iran that they sold in 2011 for approximately $2,000,000.

17.     Because of U.S. government sanctions against Iran at this time, Defendants could not wire money out of Iran directly to the United States. They therefore hired an attorney to help them apply for a Department of Treasury Office of Foreign Asset Control ("OFAC") license that would allow them to sell property in Iran and transfer the proceeds to the United States.

18.     Defendants received an OFAC license on October 24, 2011. The OFAC license stated that it was specifically to allow Defendants to sell their property in Iran. The license also stated that Defendants were to use a non-sanctioned private Iranian

Bank, and Defendants were to close the Iranian bank account immediately upon completing the transaction. The OFAC license was for one year.

19.     In or prior to 2011, Defendants opened a bank account with Eghtesad Novin Bank ("EN Bank Account"), a private Iranian bank. Both Ali Mahyari and Roza Malekzadeh had ownership of and signing authority over the EN Bank Account.

20.     Section 4 of the OFAC license also stated that Defendants were subject to the record keeping and reporting requirements of 31 C.F.R. §§ 501.601 and 501.602.

21.     Defendants used the EN Bank to hold some of the proceeds of the 2011 property sale. Soon after the sale, they transferred approximately $1,000,000 to the United States, leaving approximately $1,000,000 in their Iranian bank account, some of which was also later transferred to the United States indirectly via Canada as explained in further detail below.

22.     Defendants did not report any taxable gain to the IRS from the 2011 Iranian property sale on their 2011 Form 1040.

23.     Money in the EN Bank Account was used to pay Iranian tax associated with the property sale.

24.     Defendants did not close the EN Bank Account after completing the 2011 property sale. The account remained open until at least 2016 and had nearly $400,000 in it in December of 2014.

*Canadian Imperial Bank of Commerce Accounts*

25.     Defendants opened bank accounts with the Canadian Imperial Bank of Commerce sometime between 2001 and 2005. Defendants had two accounts there, one ending in -2234 and one ending in -5238 (together, the "CIBC Accounts").

26.     Both Defendants had ownership of and signing authority over the CIBC Accounts.

27.     The OFAC license Defendants received specifically said they could not transfer money directly from Iran to the United States, so Defendants used the CIBC accounts to indirectly transfer some of the money from Iran to the United States.

28.     This including transferring some proceeds from the 2011 property sale in Iran to the CIBC accounts.

29.     Defendants used money in the CIBC Accounts to purchase over $478,000 in gold and silver throughout 2010 and 2011. Defendants would then have gold and silver shipped to themselves in the United States and would later sell the gold and silver in 2012 and 2013 in their son's name.

30.     The ultimate effect of the gold and silver transactions involving the CIBC Accounts was to convert some of the money generated from property sales in Iran into cash in the United States in a way designed to avoid detection by the United States government.

31.     Defendants did not report the gold and silver purchases on their jointly filed IRS Forms 1040.

Complaint
(Case No.)                                     6

32.    The CIBC Accounts remained open until at least 2016, and there was a balance in both of them in 2011 and in the -2234 account in 2012 and 2013.

### Defendants' Failure to Report Their Foreign Accounts

33.    Defendants jointly filed their IRS Forms 1040 for 2011, 2012, and 2013.

34.    Defendants used a professional tax preparer to assist them in filing their IRS Form 1040 federal income tax returns in 2011, 2012, and 2013.

35.    Roza Malekzadeh would meet personally with their tax preparer each year to complete their tax return. At these meetings, their tax preparer would ask Ms. Malekzadeh if she or her husband had any ownership or signature authority over foreign bank accounts, brokerage accounts, or trusts. Roza Malekzadeh said they did not.

36.    Both Ali Mahyari and Roza Malekzadeh signed IRS Forms 1040 under penalty of perjury for 2011, 2012, and 2013. For each year, they did not report any interest in foreign bank accounts on Schedule B of their Form 1040.

37.    Defendants did not report any gain from the $2,000,000 property sale on their 2011 Form 1040, or any gain or loss from their gold and silver purchases throughout 2011, 2012, and 2013.

38.    Defendants also did not file FBARs (Form TD F 90-22.1 for 2011 and 2012, and FinCEN Form 114 for 2013) for 2011, 2012, and 2013.

39.    While Defendants were failing to file FBARs and report their interest in foreign accounts on their tax returns, Defendants were aware of the accounts and were actively using them to receive proceeds from the 2011 property sale and ultimately transfer some of those proceeds back to the United States.

40.    On August 5, 2014, an IRS tax compliance officer interviewed Defendants. At this interview, the tax compliance officer asked Defendants if they had any foreign bank accounts, and they incorrectly said they did not.

41.    On December 8, 2014, an IRS revenue agent interviewed Defendants. At this interview, Ali Mahyari stated that in 2011 they sold property in Iran generating nearly $2,000,000, but that Defendants were not able to wire all the money back to the United States, and thus they needed to keep money in an Iranian bank account. On the date of the interview, he said Defendants had around $400,000 in the EN Bank Account.

42.    At the same December 8, 2014 interview, the IRS revenue agent then asked Defendants if they had disclosed all of their bank accounts, including foreign accounts. The Defendant said they had, but they had not discloses the CIBC Accounts at that time and did not do so during the December 8, 2014 interview.

43.    The balances of the accounts that Defendants failed to report for the years at issue were as follows:

|  | 2011 | |
|---|---|---|
|  | High Balance | Balance as of June 30, 2012 (due date of FBAR)[1] |
| EN Account | $1,257,020 | $785,357 |
| CIBC Account ending -2234 | $44,621 | $4,653 |
| CIBC Account ending -5238 | $36,873 | $0 |

---

[1] FBARs are due June 30 of the following year. 31 C.F.R. § 1010.306(c). So, for example, the 2011 FBAR is due on June 30, 2012 for foreign accounts with an aggregate balance exceeding $10,000 the previous year.

| | 2012 | |
|---|---|---|
| | **High Balance** | **Balance as of June 30, 2013 (due date of FBAR)** |
| EN Account | $897,121 | $726,429 |
| CIBC Account ending -2234 | $4,653 | $4,653 |
| CIBC Account ending -5238 | $0 | $0 |

| | 2013 | |
|---|---|---|
| | **High Balance** | **Balance as of June 30, 2014 (due date of FBAR)** |
| EN Account | $388,652 | Unknown |
| CIBC Account ending -2234 | $4,653 | Unknown |
| CIBC Account ending -5238 | $0 | Unknown |

## COUNT I: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5)) AGAINST ALI MAHYARI

### Liability for Civil Penalties

44.     During the calendar years 2011 through 2013, Ali Mahyari was a United States citizen, resided in the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350(b).

45.     During the 2011, 2012, and 2013 calendar years, Ali Mahyari had a financial interest in and signature authority over the EN Bank Account within the meaning of 31 C.F.R. § 1010.350(e) & (f).

46.     During the 2011, 2012, and 2013 calendar years, Ali Mahyari had a financial interest in and signature authority over the CIBC Accounts (both the one ending -2234 and the one ending -5238) within the meaning of 31 C.F.R. § 1010.350(e) & (f).

47.    The EN Bank Account and the CIBC Accounts were bank accounts in a foreign country within the meaning of 31 C.F.R. § 1010.350(c)(1).

48.    During the 2011, 2012, and 2013 calendar years, the aggregate balance of the EN Bank Account and the CIBC Accounts exceeded $10,000 in U.S. currency at a point in time during each respective calendar year.

49.    Ali Mahyari had a reportable interest in foreign bank accounts and failed to timely file an FBAR with regard to the 2011, 2012, and 2013 calendar years as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

50.    The failure of Ali Mahyari to timely file an FBAR with regard to the 2011, 2012, and 2013 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of Civil Penalties*

51.    On November 6, 2017, Ali Mahyari consented to extend the statute of limitations for assessing the FBAR penalty for calendar years 2011 through 2013 to April 15, 2020.

52.    On November 2, 2018, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury timely assessed civil penalties against Ali Mahyari in the total amount of $302,430 due to the willful nature of his failure to timely file FBARs to disclose the EN Bank Account and CIBC Accounts to the IRS for calendar years 2011 through 2013 ("FBAR Penalties"), as follow:

| Calendar Year | Financial Account(s) | Assessment Date | Penalty Amount |
|---|---|---|---|
| 2011 | Iran | 11/2/2018 | $153,509.00 |

| 2011 | Canadian accounts ending in -5238 and -2234 | 11/2/2018 | $1,163.00 |
|---|---|---|---|
| 2012 | Iran | 11/2/2018 | $105,814.00 |
| 2012 | Canadian accounts ending in -5238 and -2234 | 11/2/2018 | $623.00 |
| 2013 | Iran | 11/2/2018 | $40,698.00 |
| 2013 | Canadian accounts ending in -5238 and -2234 | 11/2/2018 | $623.00 |
| **TOTAL** | | | $302,430.00 |

53.     A delegate of the Secretary of Treasury timely sent a notice of the assessments and demand for payment of the FBAR Penalties as described in ¶ 52 to Ali Mahyari.

54.     Despite receiving notice and demand, Ali Mahyari has not fully paid the FBAR Penalties described in ¶ 53.

55.     In addition to the FBAR Penalties, Ali Mahyari owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), interest pursuant to 31 U.S.C. § 3717(a), and collection related fees pursuant to 31 U.S.C. § 3717(e)(1). As of October 29, 2019, the total balance owed for the FBAR Penalties and accrued interest, late-payment penalties, and collection fees is $323,368.10.

56.     The United States is entitled to judgment against Ali Mahyari in the amount of $323,368.10 as of October 29, 2019, plus statutory accruals as provided by law from that date until fully paid.

## COUNT II: JUDGMENT FOR CIVIL PENALTIES (31 U.S.C. § 5321(a)(5)) AGAINST REZA MALEKZADEH

### *Liability for Civil Penalties*

57.     During the calendar years 2011 through 2013, Reza Malekzadeh was a United States citizen, resided in the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350(b).

58.     During the 2011, 2012, and 2013 calendar years, Reza Malekzadeh had a financial interest in and signature authority over the EN Bank Account within the meaning of 31 C.F.R. § 1010.350(e) & (f).

59.     During the 2011, 2012, and 2013 calendar years, Reza Malekzadeh had a financial interest in and signature authority over the CIBC Accounts (both the one ending -2234 and the one ending -5238) within the meaning of 31 C.F.R. § 1010.350(e) & (f).

60.     The EN Bank Account and the CIBC Accounts were bank accounts in a foreign country within the meaning of 31 C.F.R. § 1010.350(c)(1).

61.     During the 2011, 2012, and 2013 calendar years, the aggregate balance of the EN Bank Account and the CIBC Accounts exceeded $10,000 in U.S. currency at a point in time during each respective calendar year.

62.     Reza Malekzadeh had a reportable interest in foreign bank accounts and failed to timely file an FBAR with regard to the 2011, 2012, and 2013 calendar years as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

63.     The failure of Reza Malekzadeh to timely file an FBAR with regard to the 2011, 2012, and 2013 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of Civil Penalties*

64.     On November 6, 2017, Reza Malekzadeh consented to extend the statute of limitations for assessing the FBAR penalty for calendar years 2011 through 2013 to April 15, 2020.

65.     On November 2, 2018, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury timely assessed civil penalties against Reza Malekzadeh in the total amount of $302,430 due to the willful nature of her failure to timely file FBARs to disclose the EN Bank Account and CIBC Accounts to the IRS for calendar years 2011 through 2013 ("FBAR Penalties"), as follow:

| Calendar Year | Financial Account(s) | Assessment Date | Penalty Amount |
|---|---|---|---|
| 2011 | Iran | 11/2/2018 | $153,509.00 |
| 2011 | Canadian accounts ending in -5238 and -2234 | 11/2/2018 | $1,163.00 |
| 2012 | Iran | 11/2/2018 | $105,814.00 |
| 2012 | Canadian accounts ending in -5238 and -2234 | 11/2/2018 | $623.00 |
| 2013 | Iran | 11/2/2018 | $40,698.00 |
| 2013 | Canadian accounts ending in -5238 and -2234 | 11/2/2018 | $623.00 |
| **TOTAL** | | | $302,430.00 |

Complaint
(Case No.)

13

66.    A delegate of the Secretary of Treasury timely sent a notice of the assessments and demand for payment of the FBAR Penalties as described in ¶ 65 to Reza Malekzadeh.

67.    Despite receiving notice and demand, Reza Malekzadeh has not fully paid the FBAR Penalties described in § 67.

68.    In addition to the FBAR Penalties, Reza Malekzadeh owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), interest pursuant to 31 U.S.C. § 3717(a), and collection related fees pursuant to 31 U.S.C. § 3717(e)(1). As of October 29, 2019, the total balance owed for the FBAR Penalties and accrued interest, late-payment penalties, and collection fees is $323,368.10.

69.    The United States is entitled to judgment against Reza Malekzadeh in the amount of $323,368.10 as of October 29, 2019, plus statutory accruals as provided by law from that date until fully paid.

WHEREFORE,  the United States requests that the Court:

A.  Enter judgment in favor of the United States of America and against Ali Mahyari in the amount of $323,368.10 as of October 29, 2019 plus statutory accruals from that date until fully paid;

B.  Enter judgment in favor of the United States of America and against Reza Malekzadeh in the amount of $323,368.10 as of October 29, 2019 plus statutory accruals from that date until fully paid; and

Complaint                                    14
(Case No.)

C. Award the United States of America its costs, and such other relief as the Court

   deems just and proper.


Dated: November 2, 2020

                                        Respectfully submitted,

                                        RICHARD E. ZUCKERMAN
                                        Acting Assistant Attorney General

                                        */s/ Alexander E. Stevko*
                                        ALEXANDER E. STEVKO
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Ali Mahyari; Roza Malekzadeh |

| (b) County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant  Multnomah |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
| Alexander Stevko, PO Box 683 Washington DC, 20044; 202-598-7003 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - | [x] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & / [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' / Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / [ ] 368 Asbestos Personal [ ] 340 Marine / Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation [ ] 470 Racketeer Influenced and |
| | [ ] 345 Marine Product / Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | Product Liability / [ ] 380 Other Personal | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 360 Other Personal / Property Damage Injury / [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 362 Personal Injury - / Product Liability Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | | | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 290 All Other Real Property | Employment | **Other:** | **IMMIGRATION** | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other [ ] 550 Civil Rights | [ ] 462 Naturalization Application [ ] 465 Other Immigration | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 5314, 5321

Brief description of cause:
Suit to collect civil penalties for failure to file FBARs

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
646,736

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
Nov 2, 2020

SIGNATURE OF ATTORNEY OF RECORD
Digitally signed by ALEXANDER STEVKO
DN: c=US, o=U.S. Government, ou=Department of Justice, ou=USA, cn=ALEXANDER STEVKO, 0.9.2342.19200300.100.1.1=1601010227762
Date: 2020.11.02 16:48:17 -05'00'

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Ali Mahyari; and Roza Malekzadeh | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Ali Mahyari
355 NW 97th Ave.
Portland, OR 97229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Alexander Stevko
U.S. Department of Justice, Tax Division
PO Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                *Server's signature*

                                   _____
                                                *Printed name and title*


                                   _____
                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| | ) |
| Ali Mahyari; and Roza Malekzadeh | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Roza Malekzadeh
355 NW 97th Ave.
Portland, OR 97229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Alexander Stevko
U.S. Department of Justice, Tax Division
PO Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: